UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

SAFAVIEH INTL, LLC,                                        :

                Plaintiff,                      :

        -- against --                              :

CHENGDU JUNSEN FENGRUI TECHNOLOGY CO,      :
LTD.-TAO SHEN and DOES 1-10,
                                        :

              Defendants.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Case No. 1:24-cv-02456

**COMPLAINT**

Plaintiff, Safavieh Intl, LLC ("Safavieh" or "Plaintiff"), by its attorneys, as and for its Complaint against Defendants Chengdu Junsen Fengrui Technology Co, Ltd.-Tao Shen (the "Corporate Defendant") and Does 1-10 (together, "Defendants" or "Chengdu Junsen"), alleges as follows:

## **NATURE OF THE ACTION**

1.    This is the second action for copyright infringement between the same parties in violation of the copyright laws of the United States, namely, 17 U.S.C. § 501, in connection with Defendant's slightly modifying the rug that were held to have infringed Plaintiff's designs.

2.    Plaintiff brings this action after suing the same Defendants by Complaint dated May 11, 2023 in Case 1:23-cv-03960-for copyright infringement of Plaintiff's rug designs (the "*Chengdu Junsen I*" case). The Court awarded a default judgment, dated January 17, 2024 and entered the same day, in favor of Plaintiff and against Defendants.

3.    Defendants are now selling rugs that are unauthorized derivative works one of the same rug designs for which Plaintiff sued Defendants in *Chengdu Junsen I* and was awarded

default judgment.

4.      Plaintiff seeks preliminary and permanent injunctive relief, compensatory, statutory, and punitive damages, and recovery of their reasonable costs and attorneys' fees.

## THE PARTIES

5.      Plaintiff, Safavieh Intl, LLC, is a New York limited liability company, having an office and place of business located at 89 Seventh Avenue, New York, New York.

6.      Upon information and belief, the Corporate Defendant is a Chinese limited company located at Chengdu No. 32, No. 962, Qianlong Road Wuhou District, Chengdu, Sichuan Province, Republic of China.

7.      Upon information and belief, at all relevant times, Defendants Does 1-10 were and are the moving, active and conscious forces behind defendant the Corporate Defendant's copyright, trademark and patent infringement.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338, 1338(a) and 1338(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over Defendants based on their consenting to the jurisdiction of this Court.

10.     Specifically, in response to Plaintiffs' takedown notice to Amazon pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512 (the "DMCA"), a representative of the Corporate Defendant sent a counter-notification, challenging Plaintiffs' takedown notice.  In the counter-notification, consistent with 17 U.S.C. § 512(g)(3)(D), the Corporate Defendant stated in pertinent part the following:

(I)      … I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon [may be found.

(II)     I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person.

11.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a) because (pursuant to the Defendants' consent to jurisdiction) Amazon does business in this district, Amazon is the agent of Defendants in connection with selling the Infringing Products (as defined below) and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS COMMON  TO ALL COUNTS

### A.      Plaintiff's Ownership of the Safavieh Design

12.      Prior to the acts of Defendants alleged herein, Safavieh created a certain rug design (the "Safavieh Design"), and the copyright therein was registered with the U.S. Copyright Office effective on July 27, 2016, bearing Registration Nos. VA0002011672.

13.      The Safavieh Design contains material wholly original with Safavieh and constitute copyrightable subject matter under the Copyright Law of the United States.

14.      Since at least as early as 2016, Safavieh has advertised for sale and sold rugs bearing the Safavieh Design on its website located at www.safavieh.com, and also on other websites including Amazon.com.

### B.      The Unlawful Activities of Defendants

15.      Upon information and belief, defendant Chengdu Junsen is a seller of rugs.

16.      Chengdu Junsen sells its goods through Amazon.com.

17.      Upon information and belief, after Plaintiff sued Defendants in *Chengdu I*, without

Plaintiff's authorization, consent or knowledge and without any remuneration to Plaintiff, Defendants imported, sold, advertised, and distributed rugs through Amazon.com under the brand name "Wonnitar".

18.    "Wonnitar" is the same brand used in connection with selling the infringing rugs that were the subject of *Chengdu Junsen I.*

19.    The rugs sold by Defendants (the "Infringing Rugs") are only slightly different from the rugs Defendants sold that were the subject of the Complaint and the Order for injunctive relief *Chengdu Junsen I* (the "*Chengdu Junsen I* Infringing Rugs") but are still identical or nearly identical in design to the rugs bearing the Safavieh Design.

20.    True and accurate color photocopies of the Safavieh Design in a variety of colorways, alongside Defendant's designs that were determined in *Chengdu Jensen I* to be infringing, and the new designs at issue in this case, are annexed and made **Exhibit A** hereto.

21.    Upon information and belief, Defendants are manufacturing, importing, distributing, advertising and selling, or causing to be manufactured, imported, distributed, advertised and sold, the Infringing Rugs.

22.    The Infringing Rugs are sold on Amazon in a variety of colors and sizes under the Amazon Seller Identification, through the hyperlinks and the Amazon Standard Identification Numbers (ASINs) set forth in **Exhibit B** hereto.

23.    Upon information and belief, Defendants commenced offering the Infringing Rugs for sale to retailers and to the general public after Safavieh created and obtained U.S. copyright registrations for the Safavieh Design.

24.    Upon information and belief, Defendants commenced offering the Infringing Rugs for sale to retailers and to the general public after Safavieh notified Amazon that the *Chengdu*

*Junsen I* Infringing Rug infringed upon the copyright in the Safavieh Design.

25.     All of Defendants' acts as set forth herein were performed without the permission, license or authority of Safavieh.

26.     As a result of Defendants' acts of copyright infringement and unfair competition, Safavieh has suffered damages and lost gains, profits and advantages, all of which Safavieh is currently unable to ascertain.

### COUNT I:
### FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 101. et seq.)

27.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 of this Complaint with the same force and effect as if set forth herein.

28.     The Safavieh Design is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq*.  Safavieh is the exclusive owner of rights under copyright in and to the Safavieh Design and owns valid federal copyright registrations for it.

29.     Defendants manufactured, imported, distributed, advertised and sold the Infringing Rugs, or caused to be manufactured, imported, distributed, advertised and sold the Infringing Rugs, that incorporate designs that are substantially similar to the Safavieh Design, without authority or consent from Safavieh, thereby infringing Safavieh's exclusive rights under copyright in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

30.     The Infringing Rugs are substantially similar, if not identical, to the Safavieh Design which are the subjects of copyright registrations.

31.     Defendants' acts constitute copyright infringement in violation of the exclusive rights of Safavieh under Section 106 of the Copyright Act, 17 U.S.C. § 106.

32.     Defendants' infringement of Safavieh's rights under copyright is knowing and willful, has caused damages to Safavieh and enabled Defendants to profit illegally therefrom.

33.     Defendants' conduct has caused and will continue to cause irreparable injury to Safavieh unless enjoined by this Court.  Safavieh has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for the following relief:

1.     Defendants, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it or them or any of them, be permanently enjoined and restrained from:

(a)     Using any designs, for rugs or for any other product, that incorporate, or are substantially similar to, the Safavieh Design;

(b)     Advertising, distributing, offering for sale, or selling any rugs or any other product that bear a design that is substantially similar to the Safavieh Design;

(c)     Doing any other act or thing likely to cause or attempt to cause injury to Safavieh, or the goodwill associated with Safavieh's business;

2.     Defendants, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it or them or any of them, be immediately, during the pendency of this action and permanently enjoined and restrained from infringing Safavieh's copyrights in any manner, and from selling, marketing or otherwise disposing of (including but not limited to any consignment of) any and all Infringing Rugs, in any color scheme, size or shape,

3.     Defendants be required to account to Safavieh for all gains, profits and advantages relative to Defendants' infringement of Safavieh's copyrights in the Safavieh Design;

4.     Defendants be required to deliver for destruction all Infringing Rugs, catalogs, prints, labels, packaging, wrappers, receptacles, advertisements, promotional materials, sales literature, contracts, documents, materials, and the like in the possession, custody or control of Defendants, which might, if used, violate the injunction sought herein;

5.     Defendants be required to recall and deliver to Safavieh for destruction all Infringing Rugs and infringing catalogs, prints, labels, packaging, wrappers, receptacles, advertisements, promotional materials, sales literature, contracts, documents, materials, and the like, in the possession, custody or control of Defendants or any of their officers, directors, servants, agents, employees, attorneys or other parties in active concert or participation with it or them or any of them;

6.     Safavieh be awarded compensatory damages in an amount to be determined at trial;

7.     In the alternative, at Safavieh's election, Safavieh be awarded statutory damages for willful infringement in the amount of $150,000 for each infringement against Defendants, pursuant to 17 U.S.C. § 504(c).

8.     Safavieh have and recover from Defendants Safavieh's reasonable attorneys' fees, costs and disbursements of this civil action, pursuant to the Copyright Act, 17 U.S.C. § 505; and

9.     Safavieh have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        April 1, 2024

KAUFMAN & KAHN, LLP

By: /s/ Mark S. Kaufman
Mark S. Kaufman
10 Grand Central
155 East 44th Street, 19th Floor
New York, NY  10017
Tel.: (212) 293-5556
Email: kaufman@kaufmankahn.com
*Attorneys for Plaintiff Safavieh Intl, LLC*